844

## 19915. ANDERSON v. THE STATE.

WYATT, Presiding Justice. John Lee Anderson was convicted of murder with a recommendation to mercy. His motion for new trial as amended was denied. The exception here is to that judgment. *Held*:

1. In so far as the general grounds are concerned, the jury was authorized to find from the evidence produced by the State that the defendant deliberately pointed the gun at the deceased and pulled the trigger, thus causing the death of the deceased. This being true, there is no merit in the general grounds of the motion for new trial.

2. Ground numbered 4 of the amended motion for new trial complains that it was error to admit the testimony of an eight-year-old boy, upon the ground that his examination as to competency showed that he was not competent to testify. His testimony shows, among other things, that he knew that he was supposed to tell the truth; that he could be punished for not telling the truth; and that he raised his hand and was sworn, "So I would tell the truth and nothing but the truth". Under repeated rulings of this court, the competency of a child as a witness is addressed to the sound discretion of the trial judge, and his judgment will not be disturbed unless he abuses his discretion. We can not say that the trial judge in this case abused his discretion in passing on the competency of this eight-year-old witness. See *Gordon* v. *State*, 186 *Ga.* 615 (198 S. E. 678), and *Minton* v. *State*, 99 *Ga.* 254 (25 S. E. 626).

3. Ground numbered 5 of the amended motion for new trial complains that the court improperly charged the law of circumstantial evidence, in that, while the charge as given was sound as an abstract principle of law, the principle of law should not have been given because all the evidence was direct and there was no circumstantial evidence. Whether or not, even if the facts were as contended by the plaintiff in error, this charge would be reversible error, it was not error in the instant case because there was circumstantial evidence produced in the trial. The record in this case is replete with such evidence.

4. Ground numbered 6 of the amended motion for new trial complains of the following excerpt from the charge: "Now, I

charge you that, if it appears on your consideration of this case, that the State has convinced you beyond a reasonable doubt that the defendant caused the death of this deceased woman, Aserine Rumph, by gun-shot wound as alleged in the indictment, if that appears to you to be the fact of the case beyond a reasonable doubt, why then the burden of proof shifts in this case, and it is upon the defendant, the burden of showing that the act was a result of an accident, as he contends in this case; that burden is upon him. He must establish that theory of his defense to your satisfaction by evidence that is sufficient to convince you by a preponderance of the evidence that it was accidental." There is no merit in this ground. See *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L.R.A. (NS) 934), and cases there cited.

5. Ground numbered 7 of the amended motion for new trial complains because the trial judge, without a request, failed to charge the law of involuntary manslaughter in the commission of an unlawful act. If the jury believed the evidence produced by the State, the crime was murder. If the contention of the defendant was believed, it was an accident, and therefore no crime. Under these circumstances, involuntary manslaughter in the commission of an unlawful act was not involved.

6. From what has been said above, it follows the judgment of the court below was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958.

*A. C. Felton, III,* for plaintiff in error.

*Charles Burgamy, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.